## COHN *v.* JEFFRIES.

### Opinion delivered January 25, 1908.

LANDLORD AND TENANT—LEASE—WHEN CONTRACT BINDING.—Where a landlord sent a blank contract of lease to a tenant with request that it be signed and returned it to her, whereupon she promised to return a

copy of the lease with her signature attached, the contract was binding upon both parties when the tenant signed the contract and returned it to the landlord.

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; affirmed.

*Read & McDonough,* for appellant.

1. By comparison of the differences between the proposed lease and the preliminary letters, it is clear that the letters do not constitute a contract, and that the parties did not assent to all the terms of the contract. 78 Ark. 588; 7 Am. & Eng. Enc. of L. 140-141, and cases cited; 134 Mass. 127; 156 Mass. 273; 14 Allen 242; 6 H. L. Cas. 263; 75 N. C. 404; 44 N. Y. 85; 19 N. Y. 111; 59 Wis. 316; 81 Mo. 481; 40 So. 723; 46 Vt. 478.

2. The most important condition mentioned in the "letter of sometime ago," referred to in the letter enclosing the lease for signature, was the guaranty of the rent. Nothing in this last letter waived the right of appellant to a guaranty; and, in view of the correspondence on this subject, the sending of a form of lease without the guaranty attached was not a waiver on appellant's part of that condition. 83 Ga. 626. In the letter of August 14th it is clearly shown that there was to be no contract until the lease was signed by both parties. 83 Ark. 149; 29 Am. & Eng. Enc. of L., 860; 103 Mo. 70; 52 Minn. 333; 57 N. J. L. 242; 64 N. J. Eq., 631; 75 N. Y. 205; Reed on Statute of Frauds, § 363; 19 N. Y. 113. It was immaterial what reason was assigned for returning the lease unsigned. It was not necessary for appellant to give any reason. 166 Mass. 273; 44 N. Y. 79; 1 Add. on C. P. 32.

*Ben D. Kimpel* and *Winchester & Martin,* for appellees.

The correspondence previous to the letter of August 14th constituted merely preliminary negotiations, and the term requiring a guaranty was not fixed. The contract was completed when appellees complied with instructions contained in the letter of August 14th. Jones on Landlord & Tenant, § 137a; 26 Pac. 780; 68 Pac. 715; 136 Mass. 562; 59 Md. 557; 30 Wis. 605; 48 N. H. 14; 26 O. St. 411.

BATTLE, J. This action was brought by Alonzo Jeffries and his wife against Fannie Cohn to recover "damages caused by her

refusal to deliver possession of premises leased by her to them for one year, beginning September 1, 1907; or for damages caused by her breach of contract to lease certain premises for one year, beginning September 1, 1907." The defendant denied the lease and agreement to lease. The jury in the case returned a verdict for $300 in favor of the plaintiffs, and the court rendered judgment accordingly; and the defendant appealed.

Appellant contends that no contract for a lease, or agreement to lease, was ever entered into by the appellant and appellees.

On the 14th day of August, 1907, after negotiation, appellant inclosed to appellees a lease, which was a printed form filled out, with the parts of the printed form intended for a guaranty of the performance of the lease for third parties to sign as guarantors stricken out. With the lease was a letter of same date as follows:

"New York, Aug. 14, 1907.
"Mrs. A. Jeffries,
     "Columbia, Mo.

"I enclose you lease to be signed by you in accordance with the terms of my letter of some time ago, which terms you agreed upon. Please return same signed, and I will send you a copy with my signature attached. Hoping this will be satisfactory, am

"Yours truly,

"Fannie Cohn."

Appellees signed the lease as it was sent to them and returned it to appellant. On the 22d of August, 1907, appellant returned the lease to appellees, with the following letter:

"New York City, August 22, '07.
"Mrs. A. A. Jeffries,
     "Columbia, Mo.
"Dear Madam:

"I regret very much to have to tell you that this week an offer came to me for the sale of my residence on 6th street in Fort Smith, and their offer I have accepted. And so the house I intended to rent you is after all sold. I am very sorry indeed to have kept you so long under expectations, although I assure it was my only intention all along to rent you the house. But the

sale was entirely a matter of business interest, and if you had been in my place you would have done as I did with the house.

"Sincerely yours,

"Mrs. Fannie Cohn,

"348 West End Ave., New York City.

"I enclose you lease returned."

The signing of the lease and return of it by appellees to appellant constituted a contract. But appellant says that it was understood that the lease on part of appellees was to be guaranteed before it became binding. But this is disproved by the striking out of the printed form that part intended as a guaranty, and the request of appellant that appellees sign it, and the promise of appellant to send to appellees a copy with her signature attached. She returned the lease as signed, not because appellees had failed to execute it in the manner agreed or desired, but because she had sold the premises, saying, "I am very sorry indeed to have kept you so long under expectations, although I assure it was my only intention all along to rent you the house. But the sale was entirely a matter of business interest, and if you had been in my place you would have done as I did with the house."

The undisputed evidence sustains the contract sued upon. We have noticed the objections of appellant to the instructions, but we do not see that they, if true, could have been prejudicial.

Judgment affirmed.